FILED

2007 Oct-16  AM 08:44
U.S. DISTRICT COURT
N.D. OF ALABAMA

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **DONNA MADISON BRUCE,** | ] | |
| | ] | |
| **Movant,** | ] | |
| | ] | |
| **vs.** | ] | **CV-07-RDP-RRA-8019-NE** |
| | ] | **CR-04-RDP-RRA-0218-NE** |
| | ] | |
| | ] | |
| **THE UNITED STATES OF AMERICA,** | ] | |
| | ] | |
| **Respondent.** | ] | |

### <u>MEMORANDUM OPINION</u>

The magistrate judge entered a report and recommendation recommending that this § 2255 motion to vacate be denied because it is barred by the statute of limitations.  The movant has filed objections to the report and recommendation.  In support of her objections, Bruce requests that her objections be construed "as an out-of-time appeal since [she] was denied this right by the government and [her] attorney."  Bruce has cited *Roe v. Flores-Ortega*, 528 U.S. 470 (2000) and *Gomez-Diaz v. United States*, 433 F.3d 788 (11th Cir. 2005)  for the proposition that if a defendant specifically requests of counsel that he file an appeal of her sentence, and counsel fails to do so, the defendant is entitled to an out-of-time appeal.

However, in neither her motion nor her objections has Bruce claimed that she specifically requested her attorney to file an appeal of her sentence.  In her motion to vacate, Bruce claimed, inter alia, that she was denied the right to appeal.  As facts supporting the claim, Bruce stated that:

> I was informed by my attorney that once I signed the plea agreement, I would not be able to appeal my sentence or conviction on collateral attack.  He was not going to appeal my sentence or conviction but I am aware that he should have filed

an "Anders" brief.

*Motion to Vacate*, at 4.  In explaining why she did not appeal, Bruce states that:

> First of all, I have two plea agreements.  During the first plea agreement I was told I couldn't appeal my plea because there was a waiver in the plea agreement.  In the second plea agreement, when I went to sign the agreement and at sentencing, I was told nothing about appealing.  Once, I self-surrendered to FPC-Marianna, there was a lot of talk about Blakely, Fanfan, Booker.  I really didn't pay that much attention for a couple of months because I was trying to get adjusted to being in prison.  However, I started reading some on Blakely about the enhancements and knew I had been enhanced.  I wrote my attorney and asked about filing something to get those enhancements off and anything else that would help me.  He wrote me back and stated that at best my chances of winning anything were slim and that should I choose to do so I needed to find another attorney to file an appeal so I figured I was out of luck.

*Id*. at 3.

Even construing Bruce's statements to amount to a claim that she specifically requested her attorney to file an appeal on her behalf, Bruce did not make that request in time for her attorney to have filed an appeal.  Rule 4(b)(1) of the *Federal Rules of Appellate Procedure* provides that a criminal defendant must file a notice of appeal within ten days of the entry of judgment.  The judgment in Bruce's case was entered on November 12, 2004.  Bruce had until November 22, 2004, to file a notice of appeal.

Rule 4(b)(4) of the *Federal Rules of Appellate Procedure* provides that:

> Upon a finding of excusable neglect or good cause, the district court may - before or after the time has expired, with or without motion and notice - extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b).

Therefore, upon a showing of excusable neglect or good cause, Bruce could have filed a notice of appeal as late as December 22, 2004, thirty days after the original ten-day period elapsed.  If Bruce had specifically requested her attorney to file a notice of appeal by December 22, 2004, she might

have cause now to get an out-of-time appeal if he had not followed through with her request. However, according to Bruce's petition, she did not send the letter to her attorney asking him "about filing something to get those enhancements off and anything else that would help" until at least "a couple of months" after she arrived at FCI Mariana.  Bruce arrived at FCI Mariana on January 20, 2005.  It appears that she did not even send the letter to her attorney until March, 2005, at the earliest.  Therefore, even if she did in fact ask her attorney to file a notice of appeal in her case, it was clearly too late for her attorney have pursued an appeal.

The court has considered the entire file in this action, together with the report and recommendation, and the objections to the report and recommendation, and has reached an independent conclusion that the report and recommendation is due to be adopted and approved.

Accordingly, the court hereby adopts and approves the findings and recommendation of the magistrate judge as the findings and conclusions of the court.  The motion to vacate is due to be denied.  An appropriate order will be entered.

DONE and ORDERED this _____15th_____ day of October, 2007.

R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE